```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| PAMELA J. HARDERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3076 |
| | ) | |
| v. | ) | |
| | ) | |
| GRAND ISLAND PUBLIC SCHOOLS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is the defendant's motion to strike the plaintiff's jury demand. Filing 13. The deadline for filing a response to this motion has passed, and plaintiff has filed no response. The motion is therefore deemed submitted. For the reasons set forth herein, I shall grant the defendant's motion.

The plaintiff's suit against the defendant, Grand Island Public Schools, alleges the defendant violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2617, by terminating the plaintiff's employment due to absenteeism. The plaintiff claims these absences arose because she needed to help her father with his medical care, the defendant knew she was absent for this reason, and it pre-approved all such absences. She seeks an FMLA damage recovery for her loss of wages and employment benefits. See filing 1 (Complaint).

The defendant is a Class III school district and a governmental subdivision of the State of Nebraska. Filing 1 (Complaint), ¶ 4; filing 5 (Answer), ¶ 4. The defendant claims any suit against it is subject to the provisions of the Nebraska Political Subdivisions Tort Claim Act because it is a governmental school district and covered by the Act. Filing 5 (Answer), ¶ 22. Specifically as it applies to the defendant's

pending motion to strike plaintiff's jury request, the defendant claims:

> Plaintiff is not entitled to a jury trial on her claim under the Family and Medical Leave Act of 1993 ("FMLA") because (1) Nebraska's Political Subdivisions Tort Claims Act states that a plaintiff is not entitled to a jury trial on her claim against a political subdivision and (2) FMLA does not expressly or implicitly state that a plaintiff is entitled to a jury trial on an FMLA claim, let alone if the claim is against a political subdivision of a state.

Filing 14 (Defendant's Brief--Motion to Strike), p. 1.  See also filing 13 (Motion to Strike), ¶ 4.

The FMLA does not expressly provide for the right to a jury trial.  Any right to a jury trial in this case rests on a Seventh Amendment analysis.

The Seventh Amendment did not "create" a right to jury trial.  Baltimore & Carolica Line, Inc. v. Redman, 295 U.S. 654, 657 (1935); Kimick v. Schiedt, 293 U.S. 474, 476 (1935).  Rather, it preserved that right in the federal courts as it existed at common law in 1791, the date of the amendment's ratification by the original states.  Id. at 657.  Where a federal statute does not specifically incorporate a right to a jury trial, the court "fit[s] it into the nearest historical analogy to determine whether there is a right to a jury trial."  Buss v. Douglas, 59 F.R.D. 334, 334-35 (D.Neb. 1973).  "Under the historical analogy analysis, if a claim presents what would have been at common law an 'equitable' claim, there is no right to a jury trial, and, if the claim would have been 'legal' in nature at common law, it may be triable to a jury today."  Buss, 59 F.R.D. at 334-35.

2

Applying this analysis, courts have held that parties are entitled to a jury trial of FMLA actions for damages.  <u>Frizzell v. Southwest Motor Freight</u>, 154 F.3d 641, 643 (6th Cir. 1998)(citing <u>Bryant v. Delbar Prods., Inc.</u>, 1998 WL 546382, at *12-*13 (M.D. Tenn. Aug.27, 1998); <u>Helmly v. Stone Container Corp.</u>, 957 F. Supp. 1274 (S.D.Ga. 1997); <u>Souders v. Fleming Cos.</u>, 960 F. Supp. 218 (D.Neb. 1997)).  These courts have reasoned that the remedial provisions of the FMLA reflect Congress' intent to make juries available to plaintiffs pursuing damage remedies, while leaving it to the judge to determine whether equitable relief is warranted.  <u>Frizzell</u>, 154 F.3d at 643.

However, even assuming the relief requested by the plaintiff in this FMLA action is most analogous to an action at law for damages, no right to a jury trial exists in this case "because at common law no action for damages . . . lay against public officials acting in their official capacities as agents of the sovereign."  <u>Buss</u>, 59 F.R.D. at 336.  "[I]f the action is a common law suit or the particular issues arise in a common law suit, but no right of jury trial existed under the common law of England as to that type of action, then there is no right to jury trial by virtue of the Seventh Amendment."  <u>Westcott v. City of Omaha</u>, 1988 WL 383125, *2 (D.Neb. 1988)(Kopf, M.J., presiding). As held in <u>Westcott</u>:

> Since the political subdivisions of the State of Nebraska have only consented to be sued, by virtue of legislative declaration, under very limited circumstances, including an explicit provision that the case would not be tried to a jury, it cannot be concluded that at common law there was a right to a trial by jury since the political subdivision was immune.

<u>Westcott</u>, 1988 WL 383125 at *2.

3

Though Nebraska waived its sovereign immunity on a limited basis when it adopted the Political Subdivision Tort Claims Act, (Neb. Rev. Stat. § 13-902), it did not consent to trial by jury in such cases. Neb. Rev. Stat. § 13-907 states:

> Jurisdiction, venue, procedure, and rights of appeal in all suits brought under the Political Subdivisions Tort Claims Act . . . shall be determined in the same manner as if the suits involved private individuals, <u>except that such suits shall be heard and determined by the appropriate court without a jury</u>.

Neb. Rev. Stat. § 13-907 (emphasis added). The Act therefore permits the plaintiff to pursue a claim against the defendant that was otherwise unavailable at common law, but the Act cannot be interpreted as also affording the plaintiff a right to a jury trial. This court has found no authority holding that a plaintiff can demand a jury trial when the state's "legislative declaration waiving, in a limited fashion, sovereign immunity, . . . prohibits trial by jury." <u>Westcott</u>, 1988 WL 383125 at *3. See also <u>Steinhardt v. Potter</u>, 326 F.Supp.2d 449, 453 (S.D.N.Y. 2004)(holding a government employee was not entitled to a jury trial in his FMLA suit against the Postmaster General of the United States in his official capacity; though the federal government waived sovereign immunity it did not thereby afford a right to a jury trial).

As in <u>Buss</u> and <u>Westcott</u>, the plaintiff's action is against the State and/or its political subdivision. Therefore, the present action is brought, not with common law underpinnings, but as a direct result of a statute permitting a claim for damages against a political subdivision in derogation of the common law. <u>Buss</u>, 59 F.R.D. at 336 (quoted in <u>Westcott</u>, 1988 WL 383125 at 3). As such, the plaintiff has no right to a jury trial of her FMLA

action.  <u>Westcott</u>, 1988 WL 383125 at *4 (holding city defendant could not demand a jury trial under Nebraska's Political Subdivision Tort Claims Act); <u>Buss</u>, 59 F.R.D. at 336 (holding that assuming a claim for exemplary damages under 42 U.S.C. § 1983 was an action at law, there was no right to a jury trial where the defendant was a Nebraska state employee sued in his official capacity).  As aptly summarized in <u>Metaljan v. Memphis-Shelby County Airport Authority</u>, 752 F. Supp. 834, 838 (W.D.Tenn. 1990):

> The right of sovereign immunity was well established at common law and a suit against the sovereign is not one that existed under the common law for purposes of the seventh amendment.  The seventh amendment therefore did not at its inception and does not today create a right to a jury in an action against a sovereign.  In light of this finding, there is no constitutional basis to compel the state to submit to a jury trial and the state, having had the right to maintain its immunity, also had the right to preclude claims against it being tried before a jury.

<u>Metaljan</u>, 752 F. Supp. at 838 (holding a Tennessee statute which stated governmental tort claims shall tried without a jury precluded a jury trial of claims against a Tennessee county airport authority notwithstanding plaintiff's claimed seventh amendment right to jury trial).

Accordingly, the defendant's motion to strike the plaintiff's jury demand must be granted.

IT THEREFORE HEREBY IS ORDERED:  Defendant's motion to strike the plaintiff's jury demand, filing 13, is granted.

DATED this 31st day of August, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

5